# EXHIBIT A

EFiled: May 20 2021 01:33PM EDT
Transaction ID 66618680
Case No. N21C-05-161 AML

# IN THE SUPERIOR COURT OF DELAWARE
## COUNTY OF NEW CASTLE

Robert M. Sklar
    Plaintiff
    v.
Lewis Bellafiore
    Defendant(s)

Case Number: N21C-05-161 AML

SUMMONS

THE STATE OF DELAWARE,
TO THE SHERIFF OF NEW CASTLE COUNTY:

YOU ARE COMMANDED:

    To summon the above named defendant so that, within 20 days after services hereof upon defendant, exclusive of the day of service, defendant shall serve upon Robert Sklar, plaintiff, whose address is 116 W Main Street, North Manchester, IN 46962, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendant a copy hereof and of the complaint.

Dated: 5-20-21

Prothonotary

Per Deputy

TO THE ABOVE DEFENDANT:

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated:

Prothonotary

Per Deputy

**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: May 20 2021 01:33PM EDT
Transaction ID 66618680
Case No. N21C-05-161 AML

COUNTY: (N) K S     CIVIL ACTION NUMBER: N21C-05-161 A

Caption:
Robert M. Sklar
v
Lewis Bellafiore

Civil Case Code: CDEF
Civil Case Type: Defamation
(SEE REVERSE SIDE FOR CODE AND TYPE)

MANDATORY NON-BINDING ARBITRATION (MNA) ____

Name and Status of Party filing document:
Robert Sklar, Pro Se

Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)
Complaint

JURY DEMAND: YES ____ NO X

ATTORNEY NAME(S):
Robert Sklar
ATTORNEY ID(S):
Pro Se
FIRM NAME:

ADDRESS:
116 W Main St
N. Manchester, IN 46962
TELEPHONE NUMBER:
215-869.2700
FAX NUMBER:
800-469.6914
E-MAIL ADDRESS:
r.m.sklar@gmail.com

IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT OR ANY RELATED CASES THAT HAVE BEEN CLOSED IN THIS COURT WITHIN THE LAST TWO YEARS BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS:

EXPLAIN THE RELATIONSHIP(S):

OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:

(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE)

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 01/2019

EFiled: May 20 2021 01:33PM EDT
Transaction ID 66618680
Case No. N21C-05-161 AML

IN THE SUPERIOR COURT OF DELAWARE
COUNTY OF NEW CASTLE

Robert M. Sklar
    Plaintiff

Case Number: N21C-05-161 AML

v.

Lewis Bellafiore                      CIVIL ACTION
    Defendant(s)                         CDEF

## COMPLAINT FOR DEFAMATION

Robert M. Sklar, Plaintiff, Pro Se, brings this Complaint for Defamation against Lewis Dellafiore, an individual, and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action and accuses the defendant of Defamation and tortious interference with business relationship, namely his membership with Costco.

2. Defendant is a manager of a local retail outlet, Costco, where Plaintiff was shopping.

3. Defendant provided and published to his employer, and others, false information with the intent of having Plaintiff barred from shopping at Costco where Plaintiff was a member in good standing prior to Defendants Slanderous and Libelous actions.

4. Defendant provided false information knowing that the information was not true and not supported by facts.

5. As a result of the false communications from Defendant, Plaintiff has been harmed by being barred from continuing to shop at Costco and/or being harmed by having to incur higher costs or unavailability of products by Defendant's actions.

6. Had Defendant not published false information to Costco and others, Plaintiff would not have suffered any harm.

## PARTIES TO THIS ACTION

7. Plaintiff is an individual residing in the State of Indiana and works in the State of Pennsylvania, Delaware, New Jersey, Ohio, and Indiana.

8. At all times relevant to this matter, Plaintiff was a member in good standing with Costco having his membership-based in Indiana.

5. Defendant is a manager of the Costco store in Christiana, Delaware.

6. Costco is not a party to this action as they only took action based on information published by Defendant.[1]

7. There may be other defendant(s) to this action whose names and roles are not currently known but could be developed through discovery. Plaintiff would reserve the right to amend his complaint as said defendant(s) are identified.

## JURISDICTION OF THIS COURT

8. Petitioner brings this action pursuant to 10 Del. C. § 541 and since most all of the actions took place in New Castle County, Delaware.

---

[1] Costco is a membership store and can refuse membership to anyone for any reason, however Plaintiff was a member in good standing and not subject to any refusal, termination or cancellation of membership until Defendant's action which caused Costco to cancel Plaintiff's membership.

2

## FACTS RELEVANT TO THIS PETITION

9. On or about August 25, 2020, Defendant sent a letter (Exhibit A) to Plaintiff outlining several allegations and notifying Plaintiff that he is no longer an active member of Costco.

10. This letter came approximately a week after Plaintiff complained about mistreatment and threats by unknown store employees whose names are not known at this time.

11. Plaintiff spoke to an on-duty store manager, not the defendant, who, among other things, made threats against Plaintiff regarding his complaint, violated Plaintiff's privacy by demanding his cell phone for inspection, took physical possession of Plaintiff's phone, and accused Plaintiff of illegally taking pictures[2].

12. Despite the on-duty store manager taking illegal possession of Plaintiff's phone under threat of having his membership revoked, examining the phone and finding no such pictures, Defendant, who was not present on the date in question, accused Plaintiff of taking pictures knowing the accusation to be false.

13. Despite no proof, Defendant accuses Plaintiff of being "dissatisfied" with Costco.

14. Despite no proof, Defendant accuses Plaintiff of violating company-wide policies alleging, among other things, that Plaintiff refused to wear a mask.

15. Despite no proof, Defendant accused Plaintiff of "harassing" employees.

---

[2] This is a possible additional defendant however the name of the individual is unknow at this time but would likely be gained through discovery.

16. As a result, Defendant used this, and other false information and published this information to his employer and others within and/or outside of Costco, as a basis to compel his employer, Costco, to cancel Plaintiff's membership, which Costco did.

17. Had Defendant not provided his employer false information, Costco would not have canceled Plaintiff's membership.

18. Plaintiff has been and continues to be harmed by not being able to enjoy the benefits of his membership which he has maintained for years, by having to pay higher costs for certain products and the additional harm by having the burden of additional shopping transferred to his wife and the disruption of the supply of certain items relied upon for his work[3].

19. Plaintiff is further harmed as these allegations attack the credibility and reputation of Plaintiff by Defendant and having his reputation and standing disparaged by those the Defendant communicated with.

20. Plaintiff continues to suffer emotional distress, frustration, anguish, and financial harm.

**LEGAL ARGUMENT**

Defamation consists of the "twin torts" of libel (written) and slander (verbal). Read v. Carpenter, 1995 WL 945544, at *2 (Del.Super. Ct. June 8, 1995). Defamation is generally understood as "that which tends to injure `reputation' in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held. Spence v. Funk, 396 A.2d 967, 969 (Del.1978). To establish a claim for defamation under Delaware law, the plaintiff must plead: (1) a defamatory communication; (2)

---

[3] Plaintiff's wife is partiall disabled and having additional shopping transferred to her is harmful. Additionally, some items Plaintiff purchases for his business are not available at all stores.

publication; (3) reference to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury, Read v. Carpenter, Supra.

In this case, Defendant communicated false information to others, specifically Costco, with the intent of interfering with Plaintiff's membership and reputation with Costco. Defendant knew or should have known, that the information being published and communicated with third parties was false. The communication and publication were clearly about Plaintiff as it sought to have his employer, Costco, cancel Plaintiff's membership-based, in whole or in part, on the false information provided by Defendant. As a result of Defendant's actions, Costco relied on the defamatory information and took action to cancel the membership of Plaintiff.

"A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Spence v. Funk, 396 A. 2d 967 - Del: Supreme Court 1978. Here Costco was deterred from dealing with Plaintiff based on the information provided by Defendant and because of this, Costco canceled his membership privileges.

## CLAIMS FOR RELIEF

21. Plaintiff seeks actual damages against Defendant in the amount of $ 250,000.

22. Plaintiff seeks actual and punitive damages against Defendant in the amount of $ 250,000 or higher as determined by a jury

23. Plaintiff seeks Costs of this action.

24. Plaintiff seeks a Protection Order from the court seizing and sealing all false information published by Defendant.

25. Any other relief the court deems proper.

                                               */s/ Robert M. Sklar*    5/5/21

Robert M. Sklar, Pro Se.
116 W Main Street
North Manchester, IN 46962
260-901-6655
r.m.sklar@gmail.com

EFiled: May 20 2021 01:33PM EDT
Transaction ID 66618680
Case No. N21C-05-161 AML

# EXHIBIT A

August 25, 2020

N21C-05-161 AMC

Mr. Robert Sklar
116 W. Main Street
North Manchester, IN 46962

Dear Mr. Sklar:

    It has become apparent after reviewing your membership account that you have been dissatisfied with Costco, our operations, and our employees for the last several years. Most recently, you have refused to abide by Costco's company-wide policy to wear a mask while inside the warehouse, and justified removal of your mask because you were eating. There is no exception to the policy for eating. Further, without first obtaining employees' consent, you took photographs of one or more Costco employees, claiming they would be famous on social media. Previous unpleasant interactions with our employees have included, among other things, refusing to show your membership card at several of our building entrances or trying to show a video image of your card on your phone.

    We owe our employees a duty to provide a professional, safe, and harassment-free workplace, and your behavior for the past several years has been contrary to our duty. After review by senior management, Costco is cancelling your membership.

    The membership of the primary cardholder on your account remains active, and she is welcome to shop (without you present) as long as her membership remains active.

    Although we regret losing any member, we are taking this extraordinary step in the interests of our employees – and we believe you will be more likely to find the service you require and the satisfaction you are seeking by shopping elsewhere.

Sincerely,
COSTCO WHOLESALE CORPORATION

Lewis Bellafiore
General Manager, #246 – Christiana (Newark)

cc:    Karim Zeffouni, Vice President

EFiled: May 27 2021 12:20PM EDT
Transaction ID 66637034
Case No. N21C-05-161 AML





**Sheriff's Office**
800 N. French Street, 5th Floor
Wilmington, Delaware 19801
302-395-8450, Fax: 302-395-8460

State of Delaware
New Castle County
**Scott T. Phillips**
Sheriff

5/27/2021

**Court Case # N21C-05-161 AML**
Sheriff # 21-003031

### ROBERT M. SKLAR
### vs
### LEWIS BELLAFIORE

Robert Setting, being duly sworn, deposes that he/she is a Deputy Sheriff and avers that he/she served LEWIS BELLAFIORE by leaving upon DYLAN THOMAS, MANAGER at 900 CENTER BOULEVARD S C/O COSTCO NEWARK, DE 19702 , on 5/24/2021 at 8:09 AM a copy of Summons and Complaint.

Fees Paid:  $30.00

Per Deputy Sheriff, Robert Setting

SO ANS;

*Scott T. Phillips*
 SHERIFF

Per   Dianne Roy