IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT M. SKLAR, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 21-854-LPS |
| | : In the Superior Court of the State of Delaware |
| LEWIS BELLAFIORE, | : in and for New Castle County |
| | : C.A. No. N21C-05-161 AML |
| Defendant. | : |

MEMORANDUM ORDER

At Wilmington, this 28th day of March, 2022;

Plaintiff Robert M. Sklar ("Plaintiff"), who proceeds *pro se*, filed this action in the Superior Court of the State of Delaware in and for New Castle County on May 20, 2021. (D.I. 1-1) Defendant removed the matter to this Court on June 14, 2021. (D.I. 1) The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Before the Court are Defendant's motion to dismiss and Plaintiff's motion to strike. (D.I. 3, 6)

Plaintiff alleges that he was defamed by Defendant Lewis Bellafiore ("Bellafiore"). Plaintiff received a letter from Bellafiore dated August 25, 2020, advising Plaintiff Costco was cancelling his membership. (D.I. 1-1 at 11) Costco's vice-president, Karim Zeffoumi, was copied on the letter. (*Id.*) Plaintiff alleges that he was a member in good standing prior to Defendant's slanderous and libelous actions. (*Id.*) Plaintiff seeks actual and punitive damages, as well as a protection order. (*Id.* at 8)

Defendant moves for dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) and for Plaintiff's failure to prosecute. (D.I. 3, 4) In turn, Plaintiff filed a combined motion to strike the Defendant's motion to dismiss, motion for efiling

rights, and motion to deny Defendant's motions for removal. (D.I. 6) Plaintiff has not filed an opposition to the motion to dismiss.

Plaintiff claims that due to a false certification and lack of communication from counsel, service of the motion is defective and must be stricken. (D.I. 6 at 2) Plaintiff also contests removal because unidentified co-defendants are residents of the State of Delaware and the case will need to be returned to the State of Delaware. Finally, Plaintiff requests efiling rights.

Given Plaintiff's *pro se* status, he is given some latitude. Therefore, the Court will grant the motion to strike Defendant's motion to dismiss and will order Defendant to provide Plaintiff with copies of the motion to dismiss and supplemental memorandum (if Defendant has not already done so). The Court will also grant Plaintiff's motion for efiling rights. The Court will deny Plaintiff's motion to deny Defendant's "motions for removal." This is not the proper way to contest removal. Finally, Defendant will be given leave to file a renewed motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that (1) Defendant's motion to dismiss is STRICKEN (D.I. 3); (2) Plaintiff's motion to strike is GRANTED, motion requesting electronic filing privileges is GRANTED, and motion requesting denial of Defendant's motions for removal is DENIED (D.I. 6); and (3) Defendant is given leave to file a renewed motion to dismiss on or before May 6, 2022.

HONORABLE LEONARD P. STARK
UNITED STATES CIRCUIT JUDGE