IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT M. SKLAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 21-854-GBW |
| | ) |
| LEWIS BELLAFIORE, | ) |
| | ) |
| Defendant. | ) |

Robert M. Sklar, North Manchester, Indiana.   Pro se Plaintiff.

Sean J. Bellew, Bellew LLC, Wilmington, Delaware.   Counsel for Defendant.

**MEMORANDUM OPINION**

September 6, 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

In this action, Plaintiff Robert M. Sklar brings a defamation claim against Defendant Lewis Bellafiore. (D.I. 1-1). Before the Court is Defendant's motion to dismiss. (D.I. 10). The matter is fully briefed.

## I. BACKGROUND

Plaintiff, who is an Indiana resident, filed this action in the Delaware Superior Court, and Defendant, who is a Delaware resident, removed it to this Court based on diversity of citizenship jurisdiction. Plaintiff's allegations, which are accepted as true at this stage of the proceedings, are as follows: Defendant is the general manager of a Costco store in Christiana, Delaware. In mid-August 2020, Plaintiff complained to an on-duty Costco store manager (not Defendant) about the conduct of store employees. The manager responded by threatening Plaintiff, demanding his phone for inspection, taking Plaintiff's phone, and accusing Plaintiff of illegally taking pictures.

A week later, on August 25, 2020, Defendant sent Plaintiff a letter alleging that he had refused to abide by Costco's company-wide policy requiring masks to be worn while shopping by removing his mask to eat; had taken photographs of Costco employees without their consent; and had previously had unpleasant interactions with Costco employees, including refusing to show his membership

card and trying to show a video of his card on his phone. (D.I. 1-1 at 11).[1]

Defendant's letter notified Plaintiff that he was no longer an active member of Costco. The letter also advised Plaintiff that the membership of the primary cardholder on his account (his wife) would remain active.[2]

Plaintiff brings one claim against Defendant for defamation and seeks compensatory and punitive damages totaling $500,000.

Defendant moves for dismissal. (D.I. 10). Plaintiff has filed a response in opposition. (D.I. 12).

## II. LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

---

[1] Plaintiff submitted Defendant's letter as an exhibit to the Complaint, and the Court has considered it in rendering this decision. *See Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted).

[2] Plaintiff's response to Defendant's motion to dismiss contains new allegations, which the Court has not considered. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the

3

misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III. DISCUSSION

Plaintiff claims that the letter Defendant sent him constitutes defamation. Defendant argues, as relevant, that Plaintiff has failed to allege the publication of a defamatory communication.

A defamation claim has four elements: (1) a defamatory communication; (2) publication; (3) reference to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury. *Optical Air Data Sys.,*

*LLC v. L-3 Commc'ns Corp.*, 2019 WL 328429, at *7 (Del. Super. Jan. 23, 2019) (internal citations omitted).

In his Complaint, plaintiff has not alleged that the letter was shared with anyone outside of Costco. The "publication" element of a defamation claim cannot be satisfied through internal company communications. *See Bray v. L.D. Caulk Dentsply Intern.*, 1999 WL 1225966, at *2 (Del. Super. 1999). Furthermore, the "publication" element cannot be satisfied by a letter sent from a defendant to a plaintiff. *Gilliland v. St. Joseph's at Providence Creek*, 2006 WL 258259, at *13 (Del. Super. 2006); *see also Byars v. School Dist. of Philadelphia*, 942 F. Supp. 2d 552, 566 (E.D. Pa. 2013).

Accordingly, Plaintiff's fails to plead allegations sufficient to establish the "publication" element of his defamation claim and he has therefore failed to state a claim. Defendant's motion to dismiss will be granted.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to dismiss. Plaintiff will be given one opportunity to amend his complaint.

An appropriate order will be entered.